THE STATE OF OHIO, APPELLEE, v. DAVIS, APPELLANT.

(No. 1824—Decided November 30, 1983.)

*Mr. James A. Berry,* prosecuting attorney, and *Ms. Sally L. Dilgart,* for appellee.

*Mr. Randall M. Dana,* public defender, and *Mr. David T. Roark,* for appellant.

BROGAN, P.J. In the early morning hours of June 13, 1982, Howard C. Davis, defendant-appellant herein, was involved in a fatal automobile accident on U.S. Route 68 in Clark County, Ohio. Davis was operating his vehicle southbound when it ran head-on into an automobile travelling north, resulting in the death of Jeffrey Fair, a passenger in the northbound vehicle. Davis was subsequently indicted on two counts. He was charged on Count One with aggravated vehicular homicide in violation of R.C. 2903.06, and on Count Two with involuntary manslaughter in violation of R.C. 2903.04(B).

A jury trial was commenced on February 24, 1983. Following three days of trial the jury returned a verdict of not guilty of aggravated vehicular homicide and its lesser included offense, vehicular homicide. On Count Two, to wit, involuntary manslaughter, the jury returned a verdict of guilty as charged. The judge sentenced the defendant to an indeterminate sentence of not less than three nor minate sentence of not less than three nor more than ten years in the Ohio State Reformatory. From this judgment and sentence the defendant appeals seeking reversal of the conviction or in the alternative a remand for resentencing.

Appellant set forth four assignments of error, the first of which being:

"The trial court erred when it overruled the appellant's motion to suppress the results of appellant's blood analysis as to alcohol content, when said testing failed to comply with Section 4511.19, Revised Code of Ohio."

Following the accident the defendant was transported to Mercy Medical Center where a lab technician withdrew blood from the defendant at the direction of a treating physician. The blood sample was delivered to another technician for analysis. The test results showed appellant had a blood alcohol content of .17. The state offered no evidence as to how long after the alleged violation occurred that the blood was withdrawn. At trial defense counsel objected to the admission of the blood test results on the ground that the test was not conducted in accordance with the requirements of R.C. 4511.19 and Ohio Adm. Code 3701-53-05. The trial court overruled this objection.

R.C. 4511.19 provides in part:

"No person who is under the influence of alcohol or any drug of abuse * * * shall operate any vehicle, streetcar, or trackless trolley within this state.

"In any criminal prosecution for a *violation of this section,* or ordinance of any municipality relating to driving a vehicle while under the influence of alcohol, the court may admit evidence on the concentration of alcohol in the defendant's blood at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation. When a person submits to a blood test at the request of a police officer under section 4511.191 of the Revised Code, only a physician or a registered

nurse shall withdraw blood for the purpose of determining the alcoholic content therein. This limitation does not apply to the taking of breath or urine specimens. Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code. Such evidence gives rise to the following:

"* * *

"(B) If there was at that time a concentration of ten hundredths of one per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol." (Emphasis added.)

Appellant claims it was error for the court not to suppress this evidence in light of the fact no doctor or nurse withdrew the blood within the two-hour requirement. We disagree.

As indicated in the statute, the requirements set forth in that section are necessary in order for the state to be given the benefit of a presumption in its favor as against the defendant in prosecutions for violations of R.C. 4511.19, to wit, driving while under the influence. These are merely threshold requirements to admissibility in R.C. 4511.19 prosecutions. In the case *sub judice* appellant was charged with *both* aggravated vehicular homicide and involuntary manslaughter. This court has previously held that these provisions are not applicable to prosecutions for R.C. 2903.06, aggravated vehicular homicide. *State* v. *Moore* (Nov. 23, 1982), Clark App. No. 1692, unreported, citing *State* v. *Hernandez* (1978), 62 Ohio App. 2d 63 [16 O.O.3d 114]; *Aurora* v. *Kepley* (1979), 60 Ohio St. 2d 73 [14 O.O.3d 273]. The trial court properly concluded that the defects in conducting the blood test, if any, go to the weight of the evidence and not its admissibility. Further, the jury was not instructed as to any presumption of intoxication, thereby negating any alleged prejudice by its admission.

This decision is not altered due to the jury verdict of not guilty on the R.C. 2903.06 charge. Appellant was charged and being tried of this offense, thereby permitting the admission of the blood test results. We are further of the opinion it would be admissible solely in an involuntary manslaughter charge, where, as here, no presumption of intoxication instruction was given. R.C. 2903.04(B) requires a showing of death resulting from the commission or attempt thereof of an underlying misdemeanor. Driving while under the influence may be proved other than by the statutory presumption. As the two-hour withdrawal and physician-nurse requirements are only applicable to establishing the presumption in R.C. 4511.19 prosecutions it was not error for the trial court to admit the results in a trial for aggravated vehicular homicide and/or involuntary manslaughter.

Appellant's first assignment of error is not well-taken.

Appellant maintains in his second assignment of error that:

"The trial court erred when it accepted the jury's finding that the appellant was guilty of involuntary manslaughter, as this finding was not supported by sufficient evidence and was against the manifest weight of the evidence."

Appellant argues that his conviction is manifestly against the weight of the evidence because there was insufficient evidence to establish any of the alleged underlying misdemeanors including: (1) driving while under the influence; (2) reckless operation; and (3) failing to give another driver one half of the highway (left of center). Generally, a reviewing court will not reverse a trial court verdict where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense have been proven beyond a

reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340].

In the case at bar the record indicates that the defendant had a blood alcohol content of .17 hours after the accident. There was further testimony by Dr. Robert Davis, a pathologist, as to the effects of alcohol on the individual. He also concluded that, in his expert opinion, the defendant would have had a blood alcohol level of .20 at the time of the accident based upon the test results taken at 4:00 a.m. Also, the defendant himself admitted to having a few beers. There was further testimony in the record that just prior to the collision the defendant passed three other vehicles at a speed of sixty to seventy miles per hour in a fifty-five miles per hour zone in an area on the road where there was poor visibility of oncoming traffic due to a dip in the road. The defendant himself testified that he wasn't exactly sure what happened. He stated he may have panicked and was unsure which side of the road he was on at impact.

Under these circumstances we are of the opinion there was sufficient evidence to support the jury finding. We cannot tell from the general verdict which misdemeanor the jury concluded appellant was in the act of committing at the time of the mishap. However, there is evidence to support a finding he was in violation of all three.

There is substantial evidence for the trier of fact to reasonably conclude that each element of the offense of involuntary manslaughter was proven beyond a reasonable doubt. Consequently, appellant's second assignment of error is without merit and is hereby overruled.

Appellant asserts in his third assignment of error that:

"The trial court erred in not following the sentencing requirement of the Ohio Rules of Criminal Procedure and the Revised Code of Ohio."

Appellant claims he was prejudiced by the trial court's alleged failure to afford him, personally, the opportunity to speak on his own behalf prior to sentencing as to why judgment should not be pronounced against him. Again we must disagree.

Crim. R. 32 provides in pertinent part:

"(A) Sentence.

"(1) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant, and shall also address the defendant personally and ask him if he wishes to make a statement in his own behalf or present any information in mitigation of punishment.

"\* \* \*"

Similarly, R.C. 2947.05 states:

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him."

The language of these provisions clearly makes it mandatory that both counsel and the defendant be given an opportunity to speak before sentence is imposed.

The record below discloses to this court that such an opportunity was afforded. Following dismissal of the jury the court stated:

"THE COURT: The Court orders the verdict received and orders the same filed, Judgment rendered accordingly. Now, if Counsel wishes to be heard, Counsel may be heard."

To which counsel for defendant requested a presentence investigation. The court denied the request then inquired:

"Is there any reason why sentence should not now be pronounced?"

Defense counsel stated there was not, upon which the court further inquired:

"THE COURT: Does the *Defense* or *Defendant* wish to address the Court prior

to disposition of this matter?" (Emphasis added.)

We are of the opinion this inquiry by the court substantially complies with the requirements of both Crim. R. 32 and R.C. 2947.05.

Appellant further maintains the sentencing procedure prejudiced him as the court failed to observe the considerations laid out in R.C. 2929.12 prior to imposing sentence for this felony. We recognize that it is a mandatory requirement for a trial court to observe these considerations prior to sentencing a convicted felon. *State* v. *Diehl* (Sept. 29, 1980), Clark App. No. 1444, unreported; see, also, *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137] (commenting on companion section R.C. 2929.22 governing misdemeanors). However, we also recognize that defense counsel did not bring this to the attention of the trial court.

We were previously confronted with a similar set of circumstances in *State* v. *Buck* (May 11, 1982), Clark App. No. 1601, unreported. We then stated:

"While recognizing the mandatory character of the applicable statutes, however, we may not presume from a silent record that the conditions enumerated in the statute were not fulfilled by the Common Pleas Court. On the contrary, if any question arose at the time of sentencing as to the requirements of the section, the duty rested with the defense to call any such error of omission to the attention of the trial court. Here, the alleged error is not affirmatively shown by the record, and the third assignment of error is overruled."

We find this controlling in the present matter as the record is devoid of any indication on behalf of defense counsel whether this matter was brought to the attention of the trial judge. We therefore presume he properly considered the factors in R.C. 2929.12 prior to imposing a sentence.

For the above-mentioned reasons ap-pellant's third assignment of error is not well-taken.

Appellant's fourth and final assignment of error is as follows:

"The trial court erred in allowing both counts, aggravated vehicular homicide and involuntary manslaughter, to be submitted to the jury."

Appellant argues he was prejudiced by the trial court allowing both charges of aggravated vehicular homicide and involuntary manslaughter to go to the jury. He claims the legislative history of the two offenses dictate it was improper to charge on both. In the alternative, appellant argues the two offenses are of similar import thereby requiring the prosecution to elect as between the two prior to submitting the case to the jury for deliberation. Once again we must disagree.

The legislative history of the involuntary manslaughter provision reveals the House Bill as originally submitted imposed liability for the death of another through the commission of any offense other than aggravated vehicular homicide or vehicular homicide. Goldsmith, Involuntary Manslaughter: Review and Commentary on Ohio Law (1979), 40 Ohio St. L.J. 569, 573. Sub. H.B. No. 511 read:

"No person shall cause the death of another by committing any offense. An offense under section 2903.06 [aggravated vehicular homicide] or 2903.07 [vehicular homicide] of the Revised Code does not constitute an offense under this division." *Id.* at 573, fn. 31 (citing Sub. H.B. No. 511, 109th General Assembly, Sec. 2903.03 [1972]).

The legislature in enacting the final involuntary manslaughter provision rejected this language. R.C. 2903.04 provides:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.

"(B) No person shall cause the death of another as a proximate result of the of-

fender's committing or attempting to commit a misdemeanor.

"(C) Whoever violates this section is guilty of involuntary manslaughter. Violation of division (A) of this section is a felony of the first degree. Violation of division (B) of this section is a felony of the third degree."

Thus, the legislature was given the opportunity to exclude vehicular deaths from the involuntary manslaughter statute and chose not to do so. It is our opinion this clearly speaks of the legislature's intent to permit a charge of manslaughter against persons involved in vehicular fatalities despite the more specific provisions for aggravated vehicular and vehicular homicide.

Appellant's remaining argument asserts the crimes of aggravated vehicular homicide and involuntary manslaughter are allied offenses of similar import requiring the prosecution to elect as between the two charges. We agree the offenses are of similar import but disagree as to the claimed election requirement.

R.C. 2941.25(A) provides:

"Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

The Ohio Supreme Court has construed the term "allied offenses of similar import" in the following terms:

"* * * there must be a recognized similarity between the elements of the crimes committed. The offenses and their elements must correspond to such a degree that commission of the one offense will result in the commission of the other." *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 128 [14 O.O.3d 373] (citing *State* v. *Donald* [1979], 57 Ohio St. 2d 73 [11 O.O.3d 242]).

In the present matter the conduct involved was that of the defendant immediately prior to the collision. R.C. 2903.06, aggravated vehicular homicide, requires the reckless operation of a motor vehicle resulting in the death of another. Consequently, the defendant must be recklessly operating his vehicle, which is of itself a misdemeanor. Thus, a violation of R.C. 2903.06 will of necessity result in the violation of R.C. 2903.04(B), involuntary manslaughter. Consequently we conclude the two crimes are of similar import.

The only limitation under R.C. 2941.25(A) is that an accused may be convicted of only one of the allied offenses; however, the indictment may contain a count for each. In *State* v. *Osborne* (1976), 49 Ohio St. 2d 135 [3 O.O.3d 79], the Ohio Supreme Court permitted the submission of the allied offenses of premeditated murder and felony murder to the jury. The court stated:

"The prosecution in this instance was justified in submitting both premeditated murder and felony murder counts to the jury. The statute prohibits a conviction of both, not the submission to the jury of both. [Citation omitted.]" *Id.* at 144. See *State* v. *Weind* (1977), 50 Ohio St. 2d 224 [4 O.O.3d 413] (prosecution not required to elect as between different aggravated murder counts to be submitted to jury).

In the present matter the defendant was convicted on only one count, that being involuntary manslaughter. We therefore find no violation of R.C. 2941.25. Having concluded the prosecution need not make its election prior to submission to the jury, this argument is not well-taken.

Appellant's fourth assignment of error is overruled.

For the above-mentioned reasons we find the trial court committed no errors prejudicial to the defendant-appellant, Howard C. Davis. It is the judgment of this court the conviction and sentence shall remain intact.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.