### State v. Peters
*[Cite as 5 AOA 219]*

*Case No. 89CA004733*
*Lorain County, (9th)*
*Decided August 22, 1990*

*Gregory A. White, Prosecuting Attorney,* 226 *Middle Ave., Elyria, OH 44035, for Plaintiff.*

*James M. Burge, Attorney at Law, 600 Broadway, Lorain, OH 44052 for Defendant.*

*Per Curiam.*

Defendant-appellant, Thomas Peters, appeals his convictions for importuning in violation of R.C. 2907.07(B). We affirm.

Peters was the director of Betterway, Inc., a non-profit corporation which provides homes to youths. While holding this position at Betterway, he was indicted on twelve counts of sexual imposition in violation of R.C. 2907.06(A)(1), a third degree misdemeanor, twelve counts of importuning in violation of R.C. 2907.07(B), a first degree misdemeanor and one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1).

The jury acquitted Peters of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), but found Peters guilty on sixteen of the other counts. Pursuant to the merger statute, R.C. 2941.25(B), the court entered judgments of conviction on the importuning charges rather than the sexual imposition charges.

Peters raises four assignments of error.

*Assignment of Error*

"I. The trial court erred, and to the prejudice of appellant, in overruling appellant's motion to dismiss counts 16 and 23 of the indictment, in that prosecution of these offenses was barred by the statute of limitations. R.C. 2901.13."

R.C. 2901.13 provides in part:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"***

"(2) For a misdemeanor other than a minor misdemeanor, two years;.

"***

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered. *** ."

The *corpus delicti* of a crime is the body or substance of the crime, included in which are usually two elements. the act, and the criminal agency of the act." *State v. Black* (1978), 54 Ohio St. 2d 304, 307. To show an act has occurred, there must be proof that a certain result has been produced; to show criminal agency, there must be proof that some person is criminally responsible for the result.

Four of Ohio's appellate districts have addressed the issue of the discovery of the *corpus delicti*. The First Appellate District held that the statute of limitations is tolled until the prosecution learns of the commission of the crimes. *State v. Buhl* (Nov. 30, 1983), Hamilton App. No. C-830049, unreported. In a non-child abuse case, the Twelfth Appellate District determined that the statute of limitations is tolled until the criminal agency is discovered by the prosecution. *State v. Osborne* (July 27, 1987), Butler App. No. CA 86-08-121, unreported.

This court recently held in *State v. Sutter* (Nov. 15, 1989), Summit App. No. 13749, unreported, that the crimes encompassing child abuse are not discovered until a person within the purview of R.C. 2151.421 is informed of the alleged act. *Sutter* stopped short of finding that the statute is tolled until the law enforcement authorities are aware of the act.

The most recent decision in this area has come from the Second Appellate District, which determined that for purposes of R.C. 2901.13(F), the statute of limitations begins to run at the time that any competent person other than the wrongdoer or someone in *pari. dilicti* with him has knowledge of both the act and its criminal nature. This includes discovery by the victim. *State v. Hensley* (Mar. 19, 1990), Montgomery App. No. 11410, unreported. Our decision in *Sutter, supra,* is in conflict with the other appellate districts

In this instance, Peters contends that the offenses alleged in counts sixteen and twenty-three of the indictment occurred more than two years prior to the date of indictment, and that the time was not tolled because both victims knew the offenses were wrong; both were competent to testify pursuant to Evid. R. 601; and both victims were not residing at Betterway so to be under Peters' direction or control. We disagree.

*Sutter, supra,* holds that the wrong is discovered, not when the child knows or learns that the act is wrong, but when a professional listed in R.C. 2151.421 becomes aware of the abuse. *Sutter, supra.*(fn1)

The burden is upon the state to prove that the prosecution is not barred by the two-year statute of limitations set forth in R.C. 2901.13(A)(2). *State v. Young* (1981), 2 Ohio App. 3d 155, 157. In this instance there was no evidence presented at the suppression hearing or at trial, nor does either party contend, that one of the professionals listed in R.C. 2151.421 was made aware of the alleged offenses before the victims reached the age of majority. Moreover, the parties submitted this issue to the trial court on its

briefs. As a result, there was no evidentiary hearing to show that the statute began to run before the victims' eighteenth birthday or before the Elyria Police Department received a report in August 1988 from the Cuyahoga County Department of Human Services that male children at Betterway were being sexually abused. Jerry Hill, the victim specified in count sixteen, turned eighteen on December 31, 1988. Manuel Pinero, the victim specified in count twenty-three, turned eighteen in 1986. The indictment was returned on December 27, 1988. Accordingly, we cannot say that the trial court erred in not dismissing these two counts.

The assignment of error is overruled.

### Assignment of Error

"II. The trial court erred, and to the prejudice of appellant in overruling appellant's motion to dismiss, Crim. R. 29, made at the close of the state's case and at the close of the evidence."

Peters contends that there was no evidence presented that the importuning charge in count twenty-three of the indictment occurred between., January 1, 1984 and June 31, 1984, the time set forth in the indictment.

Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach differing conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, syllabus.

A careful reading of the record reflects that Manuel Pinero, the victim of the allegations contained in count twenty-three, testified that he entered the Betterway program in the beginning of 1984; that he remained there for about a year; and that during this time was when the allegations contained in the indictment occurred. On cross-examination, Peters testified that the records of the Anchor group home reflect that Pinero came to that home in the Betterway program on May 10, 1985 and left on June 14, 1985 and that Pinero was in the Beacon group home before that period. While there was also conflicting testimony presented, we cannot say that the trial court erred in not dismissing count twenty-three on this basis.

Peters also contends that there was insufficient evidence to prove the offense of importuning beyond a reasonable doubt because there was no evidence of solicitation, namely, that Peters asked the witnesses to engage in sexual activity with him.

The trial court defined Solicit for the jury as "to ask, urge, entice or lure." See 4 Ohio Jury Instructions (1990), Section 507.07 at 172. The trial court also included the following jury instruction for each count of importuning in the indictment.

"*** the solicitation by its very utterance, *which may be verbal or by conduct*, inflicted emotional or physical injury or would have been likely to provoke the average person to an immediate retaliatory breach of the peace(.)" (Emphasis added.)

Absent plain error, an appellate court will not review alleged errors in the giving of an instruction to the jury, unless the party objects thereto before the jury retires to consider its verdict. Crim. R. 30; *State v. Lockett* (1976), 49 Ohio St. 2d 77, paragraph one of the syllabus. Peters did not object to this instruction. Accordingly, Peters has waived this issue on appeal.

Peters also contends that the evidence presented on the importuning counts in the. indictment was the same as the evidence of sexual imposition.

R.C. 2907.06(A) provides:

"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following apply[.]"

There was testimony presented that Peters engaged in touching of others which did not constitute sexual contact as defined in R.C. 2907.01(B). Instead, such touching could properly be interpreted to have been to urge or entice the others to engage in sexual contact for purposes of R.C. 2907.07. Accordingly, the same evidence did not support a conviction under both statutes. See *State v. Chippendale* (1990), 52 Ohio St. 3d 118, 121-23.

The assignment of error is overruled.

### Assignment of Error

"III. The trial court erred, and to the prejudice of appellant, in failing to afford appellant an opportunity to speak prior to sentencing. Crim. R. 32."

Crim. R. 32(A) provides:

"(1) *Imposition of sentence.* *** Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant, and shall also address the defendant personally and ask him if he wishes to make a statement in his own behalf or present any information in mitigation of punishment."

R.C. 2947.05 states:

"Before sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, or the finding of the court, and asked whether he has anything to say as to why judgment should not be pronounced against him."

Therefore, it is mandatory that both counsel and the defendant are given an opportunity to speak before sentence is imposed. *State v. Davis* (1983), 13 Ohio App. 3d 265, 268.

It is clear from the record that only defense counsel was invited to speak. Accordingly, the trial court erred. However, defense counsel spoke eloquently on behalf of Peters. Neither Peters, nor his counsel, made a request to allow Peters to address the court, or otherwise brought the error to the court's attention so that the error could be corrected. We will not consider this issue which is raised for the first time upon appeal. The assignment of error is overruled.

*Assignment of Error*

"IV. The trial court erred, and to the prejudice of appellant, in sentencing appellant to a term of incarceration greater than eighteen months. R.C. 2929.41(E)(4)."

R.C. 2929.41(E) provides:

"***

"(E)Consecutive terms of imprisonment imposed shall not exceed:

"(1)An aggregate minimum term of twenty years, when the consecutive terms imposed include a term of imprisonment for murder and do not include a term of imprisonment for aggravated murder;

"(2) An aggregate minimum term of fifteen years plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised code;

"(3) An aggregate minimum term of fifteen years, when the consecutive terms imposed are for felonies other than aggravated murder or murder;

"(4) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors.*** ."

Where a trial court's sentence exceeds the minimum established for consecutive terms, such judgment is not reversible error as the terms of the statute are self-executing, automatically operating to limit the aggregate minimum sentencing term to that provided in the statute. *State v. White* (1985), 18 Ohio St. 3d 340, 341. Peters has failed to persuade us to differentiate between multiple felony sentences and multiple misdemeanor sentences. See *State v. Dachenhaus*

(April 11, 1989), Henry App. No. 7-87-13, unreported. An advisable practice for the trial court would be to include a statement at the conclusion of its sentencing entry that: "however, the aggregate sentence shall not exceed ( ) as required by R.C. 2929.41(E)" or similar language.

The assignment of error is overruled.

The judgment is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment affirmed.*

REECE, P.J., and CACIOPPO, J., concur.

QUILLIN, J., concurs in judgment only.

---

[1]. We note that unlike Ohio's statute, some jurisdictions have enacted specific provisions to deal with this situation. See, *e.g.,* Fla. Stat. Ann. Section 775.15(7) (West 1990), which provides in part:

"(7) If the victim of a violation of s. 794.011, s. 794.05, s. 800.04, or s. 826.04 is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred[.]"