OPINION
Appellant Irvin Anderson appeals a judgment of the Delaware County Common Pleas Court convicting him of aggravated vehicular homicide (R.C.2903.06 (A)), with a specification he was under the influence of alcohol:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE BLOOD TEST OF RIVERSIDE HOSPITAL TO BE ADMITTED.
ASSIGNMENT OF ERROR TWO
 THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE BLOOD TEST TO BE ADMITTED BY THE OHIO HIGHWAY PATROL.
ASSIGNMENT OF ERROR THREE
 THE TRIAL COURT SHOULD NOT HAVE ALLOWED THE REPRESENTATIVE FROM RIVERSIDE HOSPITAL TO TESTIFY ABOUT MATTERS WHERE SHE HAD NO PERSONAL KNOWLEDGE.
Shortly before 3:00 a.m. on March 15, 2000, Tom Ivory was awakened by his barking dog. When he got up to let his dog outside, he heard tires squeal, and a crash. He came upon an automobile accident, and called 911. Trooper Bee of the Ohio State Highway Patrol arrived on the scene at 3:01 a.m.
Trooper Bee discovered a one-car crash, where a vehicle slammed into a tree. The posted speed limit for the area is 45 m. p. h., the road is very curvy, and the topography is slightly hilly. Trooper Bee discovered two people in the vehicle. One was laying across the front seat, and the other was in the driver's seat. Appellant was the driver of the vehicle. Jeremy Granick, the passenger in the vehicle, was killed. An accident reconstructionist estimated the speed of the vehicle prior to impact as over 90 m.p.h.
Trooper Bee suspected that appellant was under the influence of alcohol at the time of the crash, and performed a horizontal gaze nystagmus test on him while he was seated in the vehicle. Appellant presented all six clues, indicating alcohol use.
Appellant was transported to Grant-Riverside Hospital for medical attention. While at the hospital, his blood was drawn twice for blood alcohol testing.
Appellant's blood was first drawn by a phlebotomist and tested by a medical technologist as a matter of ordinary hospital procedure. The results of this test indicated a blood alcohol level of .12 grams by weight of alcohol per 100 milliliters of blood.
Appellant was given Miranda warnings while at the hospital, and submitted to a second blood draw at the direction of Ohio State Highway Patrol Trooper Grose. The second draw occurred at 4:56 a.m. Again, an employee of the hospital took a blood sample, and placed it into a container provided by the trooper. The sample was then given to the trooper, who packaged it, placed it in a container, and mailed it to the crime laboratory in Columbus for analysis. The results of the crime lab analysis indicated a blood alcohol concentration of .88 grams by weight of alcohol per 100 milliliters of blood.
On May 26, 2000, appellant was indicted by the Delaware County Grand Jury for the crime of aggravated vehicular homicide, with a specification that he was under the influence of alcohol at the time of the commission of the offense. On June 26, appellant filed a motion to suppress any and all evidence. He amended the motion, adding to it a motion in limine, on July 24, 2000. In his motion in limine, appellant requested that the court exclude the blood test results because the evidence had been obtained without consent or a search warrant. On August 14, appellant filed a second addendum to his motion to suppress or motion in limine. He filed a supplement to the second addendum to the motion to suppress on August 28, 2000.
The case proceeded to a hearing on the motion to suppress on September 1, 2000. Before the hearing, the court narrowed the issues as framed in the voluminous filings by appellant to whether the hospital complied with Department of Health Regulations in the first blood draw, and whether the blood draw by the Ohio State Highway Patrol violated the Fourth Amendment, as the trooper did not have a valid consent, nor did he have a warrant. The court overruled the motion to suppress, finding that the trooper did not need appellant's consent for the blood draw, as he had probable cause to obtain the sample, and exigent circumstances existed, based on the fact that blood alcohol dissipates over a period of time, and it is critical that the blood be drawn within two hours of the accident. As for the test run by the hospital, the court concluded that pursuant to R.C. 2317.02, it was obtained for purposes of medical diagnosis and treatment, and admissible regardless of whether the laboratory complied with Department of Health Regulations.
The case proceeded to jury trial. Appellant was convicted as charged. He was sentenced to one year incarceration. He was fined $3,000, and his operator's license was permanently revoked.
On April 4, 2001, appellee filed a motion to strike the brief of appellant, on the basis that it did not comply with App. R. 16. In a three page brief, entitled 'Brief' Brief of Defendant-Appellant Irvin Anderson", appellant failed to argue his first two assignments of error, but merely incorporated his motions and arguments made for the trial court. As to his third assignment of error, he similarly incorporated his prior arguments, but made a brief argument concerning the testimony of Stephanie McFadden. We did not rule on the motion at that time, but held the motion to be considered at the merit review of the case. Although the brief of appellant does not comply with App. R. 16, in the interest of considering the case on the merits, we overrule the motion to strike.
 I
In his first assignment of error, appellant argues that the court erred in overruling his motion to suppress the results of a blood test taken and analyzed by Riverside Hospital, as the hospital did not comply with the Department of Health Regulations promulgated pursuant to R.C.4511.19.
The provisions of R.C. 4511.19 concerning the manner in which the blood should be drawn and tested, and the regulations promulgated under this statute, are necessary in order for the State to be given the benefit of a presumption that the defendant is driving under the influence. State v. Davis (1983), 13 Ohio App.3d 265, 267. These provisions are not applicable to prosecutions for aggravated vehicular homicide pursuant to R.C. 2903.06. Id. Any defects in conducting the blood test go to the weight of the evidence, and not its admissibility.Id.
In addition, the driving under the influence specification in the instant case charges appellant with driving under the influence of alcohol, and not with driving with a prohibited blood alcohol level. Appellant did not request a transcript of the full jury trial in the instant case, so we cannot tell from the record how the jury was instructed concerning the specification. Where portions of the transcript necessary to resolve issues are not part of the record, the court of appeals must presume regularity in the proceedings below and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Therefore, we presume the court instructed the jury in accordance with the indictment, and did not instruct as to a presumption of intoxication arising from the results of the blood-alcohol tests. In the absence of an instruction concerning presumption of intoxication, any prejudice by admission of the evidence is negated. Davis, 13 Ohio App. 3d at 267.
The first assignment of error is overruled.
 II
Appellant next argues that the court erred in admitting the blood test conducted by the Ohio State Highway Patrol, as the officer did not have a search warrant to allow him to draw the blood, and appellant did not consent to the test.
In the instant case, the court did not err in concluding that the officer had probable cause to request a blood sample without a warrant, and exigent circumstances required that the test be taken before securing a warrant. Trooper Bee had conducted a horizontal gaze nystagmus test on appellant at the scene of the accident, and appellant presented all six clues indicating use of alcohol. This test, coupled with the evidence of high speed, and a single car accident under circumstances in which accidents do not normally occur, constitute reasonable grounds for the officer to believe that appellant had been under the influence, and that his ability to drive had been impaired. State v. Hardy (1971),28 Ohio St.2d 89 . Further, the court did not err in concluding that exigent circumstances existed, due to the dissipation of alcohol in the blood system, and the time constraints under which the officer was operating.
We also reject appellant's argument that the blood test was inadmissible, as it was drawn in violation of R.C. 4511.191(D), the implied consent statute. This statute does not render a non-consensual blood test inadmissible in a prosecution for aggravated vehicular homicide. State v. Runnels (1989), 56 Ohio App.3d 120, 124; State v.Kutz (1993), 87 Ohio App.3d 329, 335.
The second assignment of error is overruled.
 III
Appellant argues that the court erred in allowing Stephanie McFadden, a medical technologist from Riverside Hospital, to testify about matters on which she had no personal knowledge, as the admission of such evidence constituted hearsay.
Evid. R. 602 states that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter. Evid. R. 803 (6) provides that a record of acts, events, or conditions, made at or near the time by a person with knowledge, if kept in the course of a regularly conducted business activity is not hearsay, if it was the regular practice of that business activity to make the report, as shown by the testimony of the custodian or other qualified witness.
At the suppression hearing, and at trial, Stephanie McFadden testified that she was employed as the laboratory manager at Grant/Riverside Hospital, in charge of operations for general testing. She supervises approximately 100 persons. She has been a certified medical technologist for 20 years. She testified that as a medical technologist, she would take blood samples given to her by a phlebotomist, and analyze the samples. She testified that she is familiar with the methodology of the enzyme assay, and testified as to the laboratory protocol followed by a technologist in performing this test. She testified that she is familiar with the record keeping practices of the hospital for maintaining such test results, explained how the records are maintained, and the purpose of maintaining the records. She testified that the written test result in this case is a record kept for the purposes of business at the hospital, and is regularly maintained for purposes of treatment and diagnosis. She further testified that she checked the accuracy of the test prior to testifying in court. She testified that the blood was drawn by phlebotomist Julie Frazier at 4:03 a.m., was sent to the laboratory for blood alcohol testing using the enzyme assay method, and the results were then passed on to medical personnel. There was abundant evidence to support the court's conclusion that the witness had personal knowledge of the events to which she is testifying, and the record from the hospital was admissible as an exception to the hearsay rule.
Appellant argues that at trial, the evidence was inadmissible in the absence of the testimony of Julie Frazier. He also argues that the omission of Frazier's testimony is reversible error. As noted earlier, appellant did not present this court with a complete transcript of the jury trial, but only the testimony of Stephanie McFadden. In the absence of a complete transcript, we cannot determine whether or not Frazier testified, and cannot determine whether omission of her testimony is reversible error. From the testimony of McFadden, it appears that she testified to all facts necessary to admit the report pursuant to Evid. R. 803 (6).
The third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Common Pleas Court is affirmed. Costs to appellant.
GWIN, P. J., FARMER, J., and BOGGINS, J., concur.