OPINION
Defendant-appellant Greg Trail appeals the January 12, 2001 Criminal Misdemeanor Judgment Entry of the Mansfield Municipal Court, which found him guilty of disorderly conduct, and sentenced him thereon, following appellant's a plea of "no contest".
 STATEMENT OF THE FACTS AND CASE
On June 8, 2000, officers of the Mansfield Police Department were dispatched to appellant's residence at 2215 Cloverdale Drive, Mansfield, Ohio, following a 9-1-1 call from Doris Trail, appellant's wife. Appellant was subsequently arrested on a charge of domestic violence, in violation of R.C. 2919.25. At his arraignment on June 9, 2000, appellant entered a plea of not guilty to the charge. The matter was scheduled for jury trial.
On October 23, 2000, appellant advised the trial court of his decision to withdraw his former plea of not guilty to domestic violence, and enter a plea of no contest to an amended charge of disorderly conduct, a fourth degree misdemeanor. The trial court ordered a pre-sentence investigation, and conducted the sentencing hearing on January 12, 2001. The trial court sentenced appellant to thirty days in county jail, but suspended the sentence on the condition appellant enter and complete the drug court program. The trial court placed appellant on two years probation, and imposed a fine of $75.00 plus costs. The trial court memorialized the conviction and sentence via Criminal Misdemeanor Judgment Entry filed January 16, 2001.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY IMPROPERLY SENTENCING THE DEFENDANT/APPELLANT BY RELYING UPON UNRELIABLE HEARSAY TESTIMONY.
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONSIDER THE STATUTORY FACTORS UNDER R.C. 2929.22 AND BECOMING PERSONALLY INVOLVED WHEN DETERMINING THE DEFENDANT/APPELLANT'S SENTENCE.
 THE DEFENDANT/APPELLANT'S SENTENCE MUST BE OVERTURNED BECAUSE HIS TRIAL COUNSEL WAS INEFFECTIVE.
 I
In his first assignment of error, appellant maintains the trial court erred in improperly relying upon hearsay testimony to determine appellant's sentence. We disagree.
The Ohio Rules of Evidence do not apply in sentencing proceedings.[1]
The trial court has discretion to consider information that otherwise would be barred at trial, provided that the information is reliable and probative, and does not violate the accused's right to due process.[2]
The accused must be afforded an opportunity to respond thereto.[3]
Herein, appellant takes issue with the trial court's consideration of the handwritten statement of Debra Hofacre, appellant's sister. A review of the record reveals Hofacre provided the voluntary statement to the Richland County Sheriff's officer responding to Doris Trail's 9-1-1 call on June 8, 2000. Hofacre arrived at the Trail residence while the Sheriff's Department was at the scene. Hofacre, an emergency room nurse, described appellant's past use of drugs and past abuse of his wife. At the sentencing hearing, appellant admitted a past drug problem, but claimed he had no current problem. The trial court provided appellant with the opportunity to sign a release of medical records relative to his December 25, 1999 admission to Richland Hospital in order for the court to ascertain the extent of appellant's drug use and for appellant to counter his sister's statement. Appellant chose not to do so. We find the trial court did not err in considering Hofacre's statement for sentencing purposes.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred in failing to consider the factors set forth in R.C. 2929.22.
R.C. 2929.22 provides, in pertinent part:
 (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
Where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C.2929.22 "in the absence of an affirmative showing that it failed to do so."[4] The statute does not require the trial court to state on the record it has considered the statutory criteria, nor does the statute require the trial court to discuss said criteria.[5] We find nothing in the record which demonstrates the trial court did not consider the criteria. In the absence of such demonstration, we presume the trial court considered the appropriate factors.[6]
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant raises an ineffective assistance of counsel claim. Specifically, appellant asserts trial counsel was ineffective for failing to adequately prepare for the sentencing hearing and failing to present evidence to counteract Hofacre's statement.
We note counsel was able to secure a reduction of the original charge and a suspended jail sentence for his client. We do not find such representation ineffective.
Appellant's third assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court is affirmed. Costs assessed to appellant.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.
[1] State v. Cook (1998), 83 Ohio St.3d 404, 425; Evid. R. 101(C).
[2] State v. Lee (1998), 128 Ohio App.3d 710, 719.
[3] State v. William (1986), 23 Ohio St.3d 16, 22-23. 
[4] State v. Gilbo (1994), 96 Ohio App.3d 332, 340, quoting State v.Crouse (1987), 39 Ohio App.3d 18, 20.
[5] State v. Polick (1995), 101 Ohio App.3d 428, 431.
[6] State v. Adams (1988), 37 Ohio St.3d 295, 297, citing State v.Davis (1983), 13 Ohio App.3d 265.