The STATE of Ohio, Appellee,

v.

MAYL, Appellant.

[Cite as *State v. Mayl,* 154 Ohio App.3d 717, 2003-Ohio-5097.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19549.

Decided Sept. 26, 2003.

718

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Virginia M. Gottman, Assistant Prosecuting Attorney, for appellee.

Richard Hempfling, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, John Mayl, appeals from his conviction and sentence for aggravated vehicular homicide, R.C. 2903.06(A)(1), which were entered on Mayl's plea of no contest after the trial court denied his Crim.R. 12(C)(3) motion to suppress evidence filed prior to trial.

{¶ 2} Defendant was arrested during the early morning hours of November 20, 2000, at Miami Valley Hospital, in Dayton. He was taken there after his vehicle struck and killed a construction worker who was working on improvements to Interstate Route 75 in downtown Dayton.

{¶ 3} A nurse at Miami Valley Hospital drew a sample of Mayl's blood for purposes of blood-alcohol analysis as well as medical treatment. Subsequent analysis reported a blood-alcohol level of 0.207.

{¶ 4} The nurse who drew defendant's blood testified that he smelled strongly of alcohol. So did a Dayton police officer who was at the hospital when Mayl arrived. Mayl told police that he had consumed a couple of beers while bowling.

{¶ 5} Mayl was indicted on a charge of aggravated vehicular homicide, R.C. 2903.06(A)(1). The indictment specified that he caused the victim's death "[a]s a proximate result of committing a violation of division (A) of Section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance."

{¶ 6} Defendant filed a motion to suppress evidence of his blood-alcohol test, any statements he made, and all other evidence that was illegally seized. Defendant argued in his memorandum, inter alia, that his blood-alcohol tests were "not sanctioned by the requirements of Ohio Revised Code 4511.19" and that "[t]he provisions of the Ohio Administrative Code were violated, as they pertain to standards of observations, qualifications of personnel, and other provisions of the Ohio Administrative Code as they relate to the taking and keeping of blood samples."

{¶ 7} The trial court heard evidence on defendant's motion to suppress. With respect to evidence of his blood-alcohol tests, and citing the decision of this court in *State v. Davis* (1983), 13 Ohio App.3d 265, 13 OBR 329, 469 N.E.2d 83, the court held that the testing requirements of R.C. 4511.19(D)(1) and Ohio Adm. Code 3701–53–05 are not applicable to prosecutions for aggravated vehicular homicide. Accordingly, the court overruled Mayl's motion as to those specific grounds for suppression of blood-alcohol test results, and further overruled the motion in all other respects.

{¶ 8} Mayl changed his previous not guilty plea to a plea of no contest. The trial court accepted that plea and entered a judgment of conviction for the offense charged. Mayl was sentenced to a four-year term of incarceration. He filed a timely notice of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 9} "The trial court erred in overruling appellant's motion to suppress evidence."

{¶ 10} R.C. 4511.19(A) and (B) prohibit driving while under the influence of alcohol or drugs or with a prohibited level of alcohol in certain bodily substances. Subdivision (B) pertains to violators who are less than 21 years of age. Subdivision (A) pertains to adults. It provides:

{¶ 11} "(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

{¶ 12} "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

{¶ 13} "(2) The person has a concentration of ten-hundredths of one per cent or more but less than seventeen-hundredths of one per cent by weight of alcohol in the person's blood.

{¶ 14} "* * *

{¶ 15} "(5) The person has a concentration of seventeen-hundredths of one per cent or more by weight of alcohol in the person's blood.

{¶ 16} "* * *

{¶ 17} "(D)(1) In any criminal prosecution or juvenile court proceeding for a violation of this section, * * * the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

{¶ 18} "* * *

{¶ 19} "Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director pursuant to section 3701.143 of the Revised Code."

{¶ 20} The Director of the Department of Health has adopted and published regulations governing the testing and analysis of blood, breath, or urine to determine a subject's blood-alcohol level for purposes of an alleged R.C. 4511.19(A) violation. They appear at Ohio Adm.Code 3701–53–01 et seq.

{¶ 21} A motion to suppress evidence filed prior to trial pursuant to Crim.R. 12(C)(3) is the only way in which the admissibility of blood-alcohol test results in relation to the requirements imposed by R.C. 4511.19(D)(1) and Ohio Adm.Code Chapter 3701–53 may be challenged. *State v. French* (1995), 72 Ohio St.3d 446, 650 N.E.2d 887. Crim.R. 47 provides that the grounds for the motion shall be stated "with particularity." Unspecified general allegations of non-compliance with the overall rules and regulations are insufficient to raise the issue of testing noncompliance because the state and the trial court must "be given notice of the specific legal and factual grounds upon which the validity of the search and seizure is challenged." *Dayton v. Dabney* (1994), 99 Ohio App.3d 32, 37, 649 N.E.2d 1271, quoting *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889.

{¶ 22} The grounds for suppression set out in the memorandum in support of Mayl's motion might be challenged for failing to satisfy the particularity requirements of Crim.R. 47. However, the state made no objection for that reason relevant to the trial court's proceedings on the motion, and instead offered extensive evidence concerning the procedures that were followed in drawing and testing Mayl's blood. Any error that the state might now argue with respect to the suppression motion's lack of particularity is, therefore, waived.

{¶ 23} The foregoing requirements of R.C 4511.19(A) and (D)(1) are relevant here only to the extent that they are implicated by the R.C. 2903.06(A)(1) violation with which Mayl was charged. That section, which defines and prohibits aggravated vehicular homicide, states:

{¶ 24} "No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

{¶ 25} "As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance."

{¶ 26} R.C. 2903.06(A)(1) is a relatively new provision. It became effective on March 23, 2000. Prior to that, aggravated vehicular homicide, as R.C. 2903.06(A) defined it, consisted of causing the death of another while "recklessly" operating a motor vehicle. Am. Sub. S.B. No. 269, 146 Ohio Laws, Part VI, 10752, 10853. In *Davis*, a 1982 case on which the trial court relied to overrule defendant Mayl's motion, a defendant who was charged on that cause moved to suppress evidence of his blood-alcohol test results in a prosecution for aggravated vehicular homicide. We affirmed the trial court's denial of the motion, holding that the admissibility requirements that R.C. 4511.19(D) imposes "are necessary in order for the state to be given the benefit of a presumption in its favor as against the defendant in prosecutions for violations of R.C. 4511.19," and are therefore not applicable to aggravated vehicular homicide violations in which "the defects in conducting the blood test, if any, go to the weight of the evidence and not its admissibility." Id. at 267, 13 OBR 329, 469 N.E.2d 83.

{¶ 27} The state urges us to find that *Davis* remains good law and that the trial court was correct when it relied on *Davis* to deny defendant's motion to suppress evidence of his blood-alcohol tests. We agree that *Davis* is still good law, at least with respect to the issues of law it involves. However, we find that the trial court erred when it relied on *Davis* as it did to deny the motion to suppress.

{¶ 28} When, subsequent to *Davis*, the General Assembly amended R.C. 2903.06(A)(1) to specify that conduct that constitutes a violation of R.C. 4511.19(A) and proximately results in the victim's death under the prohibited circumstances is one of the several grounds constituting an aggravated-vehicular-homicide offense, the General Assembly created a new offense to which the rule of *Davis* has no direct application. Even so, the rationale we employed in *Davis* yet applies, albeit to produce a different outcome.

{¶ 29} We said in *Davis* that proof of compliance with the testing requirements that R.C. 4511.19(D)(1) and the relevant sections of the Ohio Administrative Code impose are a necessary foundation because of the benefit of the presumption obtained by the state in prosecutions for R.C. 4511.19(A) violations when test results are admitted into evidence. *Davis*, 13 Ohio App.3d at 267, 13 OBR 329, 469 N.E.2d 83. That presumption is so strong that it converts R.C. 4511.19(A)(2) and (5) violations that involve prohibited blood-alcohol content into strict-liability offenses. *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32. For that reason, "[t]he accuracy of the test results is a critical issue in determining a defendant's guilt or innocence." Id. at 3, 573 N.E.2d 32.

{¶ 30} By engrafting a violation of R.C. 4511.19(A) onto R.C. 2903.06(A) as one of the grounds on which an aggravated-vehicular-homicide violation may be found, the General Assembly created a violation of R.C. 2903.06(A) for which a

finding of guilt depends on the same presumption when the alcohol content of a defendant's blood, blood plasma, breath, urine or other bodily substance is the basis for the violation alleged. It would be counterintuitive to hold that the statutory-based requirements for admissibility of evidence used to prove a violation of R.C. 4511.19(A) do not likewise apply to a violation of R.C. 2903.06(A)(1), which, because it requires proof of a violation of R.C. 4511.19(A), confers on the state the benefit of the very same presumption when test-result evidence is admitted to prove the underlying violation.

{¶ 31} In his concurring opinion, Judge Wolff opines that the bar against admissibility of test-result evidence that R.C. 4511.19(D)(1) sets up ought not apply when the state relies on a more general R.C. 4511.19(A)(1) "under the influence" violation to prove an R.C. 2903.06(A)(1) aggravated-vehicular-homicide offense, as opposed to the R.C. 4511.19(A)(2) or (A)(5) per se violations. That presents several concerns, in my view.

{¶ 32} First, R.C. 4511.19(D)(1) is concerned with the reliability of test-result evidence. It is not concerned with and makes no distinction with respect to the particular subsection of R.C. 4511.19(A) to which that evidence might relate as proof.

{¶ 33} Second, the R.C. 4511.19(D)(1) bar applies to "any criminal prosecution * * * for a violation of division (A) * * * of this section." On its face, that extends to R.C. 4511.19(A)(1) violations as well as those defined in subsections (A)(2) and (A)(5).

{¶ 34} Third, if test-result evidence is admitted to prove an R.C. 4511.19(A)(1) violation, the jury cannot weigh its significance without reference to the quantitative standards in R.C. 4511.19(A)(2) or (A)(5). Absent an instruction on those matters, which necessarily would incorporate the prohibitions involved in the charge against the accused, the jury would be required to speculate about the meaning and significance of test-result evidence.

{¶ 35} We are not required to resolve those issues, however. Mayl was required to file a Crim.R. 12(C)(3) motion to suppress to avoid waiving his right to object to the admissibility of the test-result evidence at a later time. *State v. French.* Like the indictment, the trial court's order overruling Mayl's motion made no distinction between the subsections of R.C. 4511.19(A) that might apply. By allowing the state an option to rely on any of them, the effect of the court's order permits the use of all of them, including the R.C. 4511.19(A)(2) and (A)(5) per se violations. In consequence of that, the state has the burden to show that the test-result evidence does not suffer from the defects alleged in Mayl's motion. *State v. Shindler* (1994), 70 Ohio St.3d 54, 636 N.E.2d 319.

{¶ 36} One might argue that R.C. 4511.19(D)(1), because it applies by its terms to "any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section," does not apply in a proceeding for a violation of R.C. 2903.06, as it is a different section. As the phrase appears in R.C 4511.19(D)(1), "for a violation of this section" is a prepositional phrase, in which the object of the preposition "for" is "a violation of this section," that is, R.C. 4511.19(A) or (B). Aggravated vehicular homicide, as it is defined by R.C. 2903.06(A)(1), and with which defendant Mayl was charged, requires proof that the death involved was a "proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code." The identical "violation" is involved in both instances, and in both the trier of fact must find that the defendant committed an R.C 4511.19 violation. There is no logical basis for finding that blood-alcohol testing requirements that govern admissibility of test results in a prosecution for a violation of R.C. 4511.19(A) do not likewise apply in a prosecution for an R.C. 2903.06(A)(1) offense, which requires proof of a violation of R.C. 4511.19(A).

{¶ 37} A holding that the blood-alcohol testing requirements apply to R.C. 4511.19(A) violations but not to R.C. 2903.06(A)(1) violations would produce an anomaly that has no support in texts of those sections. Had the General Assembly intended that result, it would presumably have said so. It did not, and positive inferences cannot result from legislative silence. Any dispute in that regard was resolved by the General Assembly when it enacted R.C. 2901.04(A), which states that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." That directive supports our finding that the testing requirements of R.C 4511.19(D)(1) and Ohio Adm.Code 3701–53–01 et seq. apply to prosecutions for violations of R.C. 2903.06(A)(1) with respect to the admissibility of evidence of the results of tests of a defendant's blood, blood serum or plasma, breath, urine, or other bodily substance when that evidence is offered to show alcohol level or content, and are properly challenged by a motion to suppress evidence.

{¶ 38} Two final matters must be addressed. First, the state argues that Mayl has waived his right to contend that *Davis* does not apply because he failed to distinguish *Davis* in the proceedings before the trial court. Whether he did or not, Mayl raised the issue of the admissibility of his blood-alcohol test results in relation to R.C. 2903.06(A)(1), R.C. 4511.19, and the Ohio Administrative Code, which was sufficient to put the state and the court on notice of the legal issue involved. *Xenia v. Wallace.* The particularity requirements of Crim.R. 47 do not require a movant to distinguish judicial precedent potentially adverse to the grounds on which a motion is predicated.

{¶ 39} Second, the state points out that in *State v. Anderson* (Aug. 24, 2001), Delaware App. No. 00CA12039, 2001 WL 967900, which was decided after R.C. 2903.06(A)(1) became effective, the appellate court cited and relied on *Davis* to hold that the testing requirements that apply to R.C. 4511.19(A) violations do not apply to R.C. 2903.06 aggravated-vehicular-homicide offenses. That is a correct reading of the court's decision, but unpersuasive. The offense in *Anderson* was committed before R.C. 2903.06 became effective, so, necessarily, the prosecution and conviction was under the former version of that section that *Davis* construed, not those of R.C. 2903.06(A)(1), with which Defendant Mayl was charged.

{¶ 40} The first assignment of error is sustained.

## SECOND ASSIGNMENT OF ERROR

{¶ 41} "The trial court erred in accepting appellant's no contest plea without first informing him that he was ineligible for community control sanctions."

## THIRD ASSIGNMENT OF ERROR

{¶ 42} "The trial court erred in sentencing appellant to more than the minimum sentence."

{¶ 43} The errors assigned in these contentions is rendered moot by our decision sustaining the first assignment of error. Therefore, per App.R. 12(A)(1)(c), we decline to rule on the errors assigned.

### Conclusion

{¶ 44} Having sustained defendant-appellant's first assignment of error, we reverse the trial court's order denying his motion to suppress and the judgment from which this appeal was taken and remand the case for further proceedings.

Judgment reversed
and cause remanded.

FAIN, P.J., concurs.

WOLFF, J., concurs separately.

WOLFF, Judge, concurring.

{¶ 45} I agree that the judgment must be reversed together with the order denying suppression.

{¶ 46} The trial court denied suppression on the basis of *State v. Davis* and did not reach the merits of the issue raised by the motion to suppress: whether Mayl's blood was analyzed in accordance with Ohio Department of Health ("ODH") regulations.

{¶ 47} Mayl is entitled to have this issue resolved by the trial court because the state may very well intend to establish that he violated R.C. 4511.19(A) by establishing a per se violation, i.e., a violation of subsection (A)(2) or (A)(5).

{¶ 48} Should the trial court conclude that the blood analysis was not ODH compliant, then the test result may not be used by the state to prove that Mayl violated R.C. 4511.19(A)(2) or (A)(5) by committing a per se violation.

{¶ 49} I write separately to express my view that a determination that the blood analysis was not ODH compliant should not necessarily preclude the admission of the test result in a prosecution based on subsection (A)(1), i.e., that Mayl was driving under the influence of alcohol. A subsection (A)(1) violation is not a per se violation. *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 103, 532 N.E.2d 130.

{¶ 50} While the state's proof of a subsection (A)(1) violation may not be as straightforward as its proof of a prohibited concentration, i.e., per se violation with an ODH-compliant test result, the state should also not be as severely restricted by ODH regulations in using evidence of test results in subsection (A)(1) prosecutions. See *State v. Rains* (1999), 135 Ohio App.3d 547, 553, 735 N.E.2d 1, citing *Newark v. Lucas*, paragraph two of the syllabus. This is because the test result in a subsection (A)(1) prosecution is not as dispositive of whether a defendant violated R.C. 4511.19(A) as it is likely to be in a per se, i.e., subsection (A)(2) through (7), prosecution.

{¶ 51} *Newark v. Lucas* held:

{¶ 52} "In a criminal prosecution for violation of R.C. 4511.19(A)(1), or of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the results of a properly administered bodily substances test presented with expert testimony may be admitted in evidence despite the fact that the bodily substance was withdrawn more than two hours from the time of the alleged violation."

{¶ 53} In my opinion, the same approach should be permissible as to a blood-test result that is non-ODH compliant for a reason or reasons other than that the sample was not withdrawn within two hours. Just as the Supreme Court has authorized the admission of an untimely test result if presented with expert testimony, the trial court—in a subsection (A)(1) prosecution—should be able to admit a non-ODH compliant test result if presented with expert testimony. The defendant would thereby be able to cross-examine the expert as to the significance of any departure from ODH regulations in analyzing the bodily substance.

{¶ 54} I must acknowledge that the Fifth District has held that a non-ODH-compliant test result is inadmissible in a subsection (A)(1) prosecution. *State v. Klein* (July 15, 1985), Stark App. No. CA 6617, 1985 WL 8272. This also appears

to be the view of Judge Painter. Painter, Ohio Driving Under the Influence Law (West Group 2003 Ed.), at 118. Finally, the only defect mentioned in *State v. Davis* was the failure of proof that the blood had been withdrawn within two hours of the accident.

{¶ 55} I agree with the majority opinion to the extent that *State v. Davis* should not apply where the aggravated-vehicular-homicide charge is based upon a per se violation of R.C. 4511.19(A).

{¶ 56} The earlier version of R.C. 4511.19(B) that was applicable in *Davis* provided that a defendant would be presumed to have been under the influence of alcohol if a timely, ODH-compliant blood test revealed blood-alcohol content of .10 or more. Id. at 267, 13 OBR 329, 469 N.E.2d 83.

{¶ 57} That presumption was eliminated and was replaced by the per se violations as of March 16, 1983. See *Newark v. Lucas,* 40 Ohio St.3d at 103, 532 N.E.2d 130. Thus, the same concern for accuracy of test results—promoted by timely, ODH-compliant tests—is necessary for aggravated-vehicular-homicide charges based on per se violations, as is necessary in prosecutions for per se violations themselves.

{¶ 58} Where, as here, however, the charge may be based on R.C. 4511.19(A)(1), *Davis* is still good law because the state is not required to prove that Mayl was driving with a prohibited concentration of alcohol in his blood—a per se violation—but, rather, that he was driving under the influence of alcohol. That being the case, "defects in conducting the blood test, if any, go to the weight of the evidence and not its admissibility" because "[d]riving under the influence may be proved other than by the statutory presumption." *Davis,* 13 Ohio App.3d at 267, 13 OBR 329, 469 N.E.2d 83. Put in current parlance, a violation of R.C. 4511.19(A) may be proved by other than proof of a prohibited concentration of alcohol in the defendant's blood.

{¶ 59} The trial court accorded *Davis* a more sweeping effect than is warranted since the enactment of the per se offenses. The trial court must determine whether the blood analysis was ODH-compliant by deciding the motion to suppress on the merits.