[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant April Loveless pleaded guilty to aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a second-degree felony, and trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a third-degree felony. The trial court accepted her plea and sentenced her to eight years' incarceration for aggravated vehicular homicide and five years' incarceration for trafficking in cocaine. It ordered the sentences to be served consecutively.
 {¶ 3} On appeal, Loveless raises two assignments of error. In her first assignment, Loveless asserts that the trial court erred by imposing the maximum term for both offenses because it failed to consider R.C.2929.12(B) and 2929.12(C). In her second assignment, Loveless challenges the imposition of consecutive sentences, claiming that the sentences were disproportionate to her conduct and the danger she posed to the public. We find no merit in either assignment and affirm the trial court's judgment.
 {¶ 4} In her first assignment, Loveless challenges the trial court's application of the seriousness factors found in R.C. 2929.12. She argues that because aggravated vehicular homicide requires the victim's death, and because she did not expect to harm the victim, the trial court should not have considered as a seriousness factor that the victim suffered serious physical harm. We conclude that the trial court's consideration of that factor in this case did not affect the propriety of Loveless receiving the maximum sentence for her offenses.
 {¶ 5} Before imposing the maximum prison sentence allowed for an offense, the trial court must find that an offender has committed the worst forms of the offense or poses the greatest likelihood of recidivism. It must then give its reasons for that finding.[1] In this case, when indicating why it had imposed the maximum terms, the trial court marked on the felony-sentencing worksheet only that Loveless posed the greatest likelihood of committing future crime. It also stated its reasons. But if we conclude, for the sake of argument only, that consideration of the fact that Loveless's victim suffered serious physical injury was improper, the record would still support the trial court's imposition of the maximum terms. Thus, we overrule Loveless's first assignment.
 {¶ 6} In her second assignment, Loveless challenges the imposition of consecutive sentences. A trial court may impose consecutive sentences when it finds that it is necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger she poses to the public. It must also find that (1) when the offender committed the offenses, she was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[2] The trial court must give its reasons for imposing consecutive sentences.[3]
 {¶ 7} The trial court complied with the statutory requirements. It gave as its reasons that Loveless had three prior convictions for driving under the influence and several prior criminal convictions, that she was under the influence of cocaine when she committed the aggravated vehicular homicide, and that she was driving under a suspended license. Loveless, relying on State v. Mays,[4] argues that consecutive sentences were improper because her conduct was not a product of malice and because the result of her conduct was no worse than any other vehicular homicide case. This case is distinguishable. Unlike the offender in State v. Mays, Loveless's record demonstrates that she is likely to recidivate, that she has other criminal convictions, that she was driving under a suspended license, and that she was under the influence of cocaine at the time of the offense. There is nothing in the record to reflect that her conduct is not likely to be repeated. We overrule Loveless's second assignment.
 {¶ 8} Therefore, the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] R.C. 2929.19(B)(2).
[2] R.C. 2929.14(E)(4).
[3] R.C. 2929.19(B)(2)(c).
[4] State v. Mays (2000), 139 Ohio App.3d 177, 743 N.E.2d 447.