OPINION
{¶ 1} Brian Liming appeals from the judgment of the Greene County Common Pleas Court wherein the court sentenced him to five years incarceration for committing the offense of aggravated vehicle homicide in violation of R.C. 2903.06(A)(2).
 {¶ 2} The facts underlying this appeal are set out in the State's brief:
 {¶ 3} "On August 7, 2002, Brian R. Liming, Appellant herein, and his passenger, Thomas Hawkins, were traveling in Liming's vehicle. Their destination was a house at 2000 Fauber Road in Sugarcreek Township, Greene County, Ohio, where a cousin of Thomas Hawkins resided. Before arriving in Sugarcreek Township, Brian Liming had been driving with Hawkins on U.S. Rt. 35 in Beavercreek and was stopped by the Beavercreek Police for speeding in a construction zone.
 {¶ 4} "After being cited for speeding by the Beavercreek Officer, Liming proceeded on into Sugarcreek Township and was southbound on Van Eaton Road. Liming was traveling approximately 60 mph in his Ford F-250 truck, when the right tire of the truck went off of the asphalt on the west side of Van Eaton Road. The truck continued on the west edge then came back on the road and crossed it in a southeast direction. Brian Liming overcorrected, and the truck went off the east side of the road toward a tree line. The F-250 truck sideswiped a tree and then hit another tree head on. The truck rotated counterclockwise, after violently hitting the tree head on, and came to a final rest. The victim in this case, Thomas Hawkins, age 21, was declared dead at the scene after suffering a massive head wound. Brian Liming was extricated from the truck and flown by Careflight to Miami Valley Hospital. He was treated for injuries from which he ultimately recovered.
 {¶ 5} "While Brian Liming was at Miami Valley Hospital, blood was drawn at the request of emergency room doctors for a toxicology report. The Compunet Clinical Laboratory performed the toxicology examination. As a result of that examination, Brian Liming was found to have a whole blood alcohol level of .124 and a drug screen analysis also detected the presence of cannabinoid in his system as well. Results of this test was challenged by a motion to suppress filed by Brian Liming. The trial court ruled that the test was admissible.
 {¶ 6} "As part of the investigation regarding the death of the passenger in this case, Thomas Hawkins, Officer McClanahan of the Sugarcreek Township Police department interviewed Brian Liming on August 13, 2003 at his home. At that time, Liming told Officer McClanahan that the right rear tire of his Ford pickup truck was low and under inflated at the time of the accident. Ultimately, the Defendant was indicted for two counts of Aggravated Vehicular Homicide, the first count predicated on a violation of O.R.C. 4511.19, and the second count predicated on recklessness. The State dismissed Count 1 and the Defendant, Brian Liming, pled guilty to Count II, a felony of the third degree.
 {¶ 7} "Initially, the Defendant was sentenced on May 16, 2003. At that hearing, the trial court sentenced the Defendant to imprisonment for a period of five years. The Defendant appealed this sentence and this Court upheld the Defendant's conviction, but reversed the sentence and remanded the case for a new hearing on sentencing only. This Court found that the trial court should have granted a continuance so that the Defendant could present testimony to contradict the evidence presented by the State and the presentence investigation report that the Defendant was impaired prior to the fatal collision. State v. Liming, Greene App. No. 03CA43,2004 Ohio 168.
 {¶ 8} "Pursuant to the order of this Court, an evidentiary hearing was held on March 29, 2004, where the Defendant was given the opportunity to call witnesses on his behalf regarding his condition prior to the crash in which Timothy Hawkins was killed. Then on April 1, 2004, the Defendant was again sentenced to serve a prison term of five years. It is from this decision by the trial court which the Defendant now appeals."
 {¶ 9} Liming contends in a single assignment of error that the trial court abused its discretion in imposing the maximum sentence upon him after finding that his conduct was more serious than conduct normally constituting the offense. In making that finding, the court noted that the victim of the offense died. Liming appropriately notes that in all aggravated vehicle homicide, there is a victim who died, so his conduct was not more serious than the conduct normally constituting the offense of aggravated vehicular homicide.
 {¶ 10} R.C. 2929.14(C) provides as follows:
 {¶ 11} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 12} In imposing the maximum sentence upon Liming, the trial court found that Liming had committed the worst form of the offense, that being involving drugs and alcohol with this death.
 {¶ 13} Liming argues that the trial court should not have considered his alleged alcohol and drug usage in finding that he committed the worst form of the offense of R.C. 2903.06(A)(2) because the State dismissed the charge of R.C. 2903.06(A)(1) which charged Liming with operating his motor vehicle while under the influence of alcohol or a drug of abuse, or both. As we noted, however, in our previous opinion in this matter, blood alcohol test results are probative of the element of recklessness in an aggravated vehicular homicide prosecution. See, State v. Davis (1983),13 Ohio App.3d 265.
 {¶ 14} In evaluating whether Liming committed the worst form of reckless aggravated vehicular homicide, the trial court properly considered that Liming had a blood alcohol level of .124 and that a drug screen detected the presence of marijuana in his system. The court also properly considered that Liming operated his vehicle with an under inflated tire.
 {¶ 15} Courts have grappled with reviewing the nebulous concept of the "worst" form of the offense. See, State v. Kershaw (1999),132 Ohio App.3d 243, wherein the court reversed the trial court's finding of that statutory factor in a voluntary manslaughter prosecution. The same court reversed the trial court's finding of this statutory factor in an aggravated vehicular homicide prosecution. Statev. Mays (2000), 139 Ohio App.3d 177. The First District Court of Appeals did not discuss the standard of review in either case. One author has suggested that the standard of review for interpretations of statutory language, for example, "the worst form of the offense" is de novo. Judge Burt Griffin suggests that deferring to a trial court's interpretation of these standards, unless proven incorrect based on a clear and convincing standard, would retard the development of a state-wide understanding of the meaning of these terms. He also suggests the deferential approach would be incompatible with the requirement in R.C. 2929.11(B) that a sentence should be consistent with sentences imposed for similar crimes committed by similar offenders. See, Ohio Felony Sentencing Law, Griffin Katz, 2003 Ed. At 904-905. The First District appears to have approached the sentences imposed in Kershaw andMays in this manner, to wit, de novo review.
 {¶ 16} We must in this matter defer to the trial court's resolution of the facts. The State did not contend that Liming was driving his car at an excessive rate of speed or recklessly save for the possibility he was driving a car with an under inflated tire. Liming's blood-alcohol test was slightly over the statutory maximum and the level of drugs in Liming's system was a trace amount. Under these circumstances, the trial court's finding that Liming's conduct amounted to the worst form of reckless aggravated vehicular homicide was unreasonable as a matter of law.
 {¶ 17} The probation department recommended that Liming receive a four year sentence rather than the maximum five year sentence. This record would support such a sentence, and accordingly we remand this matter to the trial court to reimpose this sentence. The assignment of error is Sustained.
 {¶ 18} The judgment of the trial court is Reversed and Remanded for further proceedings.
Fain, J., and Grady, J., concur.