[Cite as *State v. Troyer*, 2013-Ohio-3697.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff-Appellee

-vs-

ADEN TROYER

      Defendant-Appellant

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2013CA00038

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Canton Municipal Court, Case No. 2012TRC8231 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 26, 2013 |


APPEARANCES:

For Plaintiff-Appellee

JOSEPH MARTUCCIO
CANTON LAW DIRECTOR
TYRONE D. HAURITZ
CANTON CITY PROSECUTOR
TASHA FORCHIONE
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue, SW
Post Office Box 24218
Canton, Ohio 44701-4218

For Defendant-Appellant

MICHAEL A. BOSKE
122 Central Plaza North
Canton, Ohio 44702

*Wise, J.*

{¶1}    Appellant Aden Troyer appeals the decision of the Canton Municipal Court denying his motion to suppress.

{¶2}    Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}    On December 23, 2012, Appellant Aden Troyer was stopped for making an improper lane change. Canton Police subsequently took Appellant to Aultman Hospital in order to obtain a blood sample. (Supp. T. at 15). As a result of the blood alcohol test, Appellant was charged with OVI.

{¶4}    On February 1, 2013, Appellant filed a Motion to Suppress the results of the blood alcohol test.

{¶5}    On February 4, 2013, the State of Ohio filed an Objection to Appellant's Motion to Suppress.

{¶6}    On February 11, 2013, the trial court overruled the State's objection and a hearing was held on Appellant's Motion.

{¶7}    The following testimony and evidence was presented at the suppression hearing:

{¶8}    The blood sample was taken at 2:50 a.m. by a "tech" using a kit prepared by the Stark County Crime Lab. (Supp. T. at 24, 26, 42). The sample was placed in an envelope, marked with a bio-hazard sticker. (Supp. T. at 22). The sample was then taken to the Canton Police Department by Officer Scott Jones and placed in a refrigerator located in the supervisor's office. (Supp.T.at 16-17).

{¶9} The Lab Report indicates that on December 24, 2012, another officer, Officer Kevin Clary, who did not testify, removed the sample from the refrigerator and transported it to the Crime Lab. (Supp. T. at 17, 32). The sample was received at 8:45 a.m. by Jennifer Creed, an employee of the Crime Lab, who also did not testify.

{¶10} No evidence was presented by the State regarding when the sample left the police station, how long it took to transport the sample to the Crime Lab, or how it was maintained when not being transported.

{¶11} When questioned about whether the Stark County Crime Lab had passed a proficiency test or whether the lab director had signed the procedural manual, the Criminalist stated that only the individual permit holders took proficiency tests. (Supp. T. at 41-42). He further stated that he did not know whether the acting director at the time had signed the labs procedural manual. (Supp. T. at 40).

{¶12} At the conclusion of the hearing, the trial court orally denied Appellant's Motion to Suppress, followed by a written Judgment Entry filed the same day.

{¶13} On February 11, 2013, Appellant entered a plea of no contest and was sentenced.

{¶14} Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶15} "I. TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE RESULTS OF THE APPELLANT'S BLOOD ALCOHOL TEST."

## I.

{¶16} In his sole Assignment of Error, Appellant argues the trial court erred in denying his motion to suppress. We agree.

{¶17}  There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19; *State v. Klein* (1991), 73 Ohio App.3d 485; *State v. Guysinger* (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams* (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry* (1994), 95 Ohio App.3d 93; *State v. Claytor* (1993), 85 Ohio App.3d 623; *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.* (1996), 116 S.Ct. 1657, 1663, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶18} This Court has previously addressed what the burden on the State is when a defendant challenges the admission of test results on the basis of noncompliance with Department of Health Regulations:

{¶19} "Crim.R. 47 provides that a motion to suppress 'shall state with particularity the grounds upon which it is made and shall set forth the relief or order

sought.'" The state waives this issue if not raised by objection. *State v. Mayl,* 154 Ohio App.3d 717, 2003–Ohio–5097, ¶ 22.

{¶20} " 'The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file such a motion "waives the requirement on the state to lay a foundation for the admissibility of the test results." *State v. French* (1995), 72 Ohio St.3d 446, 451, 650 N.E.2d 887. After a defendant challenges the validity of test results in a pretrial motion, the state has the burden to show that the test was administered in substantial compliance with the regulations prescribed by the Director of Health. Once the state has satisfied this burden and created a presumption of admissibility, the burden then shifts to the defendant to rebut that presumption by demonstrating that he was prejudiced by anything less than strict compliance. * * * Hence, evidence of prejudice is relevant only after the state demonstrates substantial compliance with the applicable regulation.' *Burnside,* 100 Ohio St .3d 152, 2003–Ohio–5372, 797 N.E.2d 71, ¶ 24." *State v. O'Neill,* 175 Ohio App.3d 402, 887 N.E.2d 394, 2008–Ohio–818, ¶ 19." *State v. Falconer,* 5th Dist. No. 2011 CA00233, 2012–Ohio–2293, ¶ 24–25.

{¶21} In the instant case, Appellant's suppression motion argued that "the sample was not obtained by a qualified person and was not collected in accordance with the statutes and regulations governing such procedures. Additionally, the sample was not maintained and transported as required by O.A.C. 3701-53-05."

{¶22} Upon review, we find that the State failed to present testimony or evidence at the suppression hearing in regard to the chain of custody, or of preservation of Appellant's blood sample during transport as required by O.A.C. 3701.53-05. We

further find that the State failed to present evidence of substantial compliance that the Stark County Crime Lab was in compliance with O.A.C. 3701-53-09 on the issue of completion and passage of a proficiency test or O.A.C. 3701-53-06 requiring that the director review, sign and date the procedure manual, certifying its compliance with such rule.

{¶23} Based on the foregoing, we find that he State failed to carry its burden to show that the blood test in the case sub judice was administered in substantial compliance with the regulations prescribed by the Director of Health.

{¶24} Appellant's sole Assignment of Error is sustained.

{¶25} The judgment of the Canton Municipal Court, Stark County, Ohio, is reversed and this matter is remanded for further proceeding consistent with the law and this opinion.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

JWW/d 0812

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :
                                                 :
-vs-                                             :               JUDGMENT ENTRY
                                                 :
ADEN TROYER                                      :
                                                 :
    Defendant-Appellant                          :               Case No. 2013CA00038


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.


                                          _____
                                          HON. JOHN W. WISE


                                          _____
                                          HON. SHEILA G. FARMER


                                          _____
                                          HON. CRAIG R. BALDWIN