[Cite as *State v. Clark*, 2018-Ohio-1046.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MATTEO J. CLARK | : | Case No. 17 CAA 08 0057 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

NUNC PRO TUNC

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                                          Court of Common Pleas, Case No.
                                                          17 CR 1 02 0064

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT:                     April 24, 2018

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

CAROL HAMILTON O'BRIEN              SHAWN R. DOMINY
Delaware County Prosecuting Attorney    1900 Polaris Parkway, Suite 450
                                                         Columbus, Ohio 43240
By: CORY J. GOE
Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}    Appellant, Matteo J. Clark, appeals the decision of the Delaware County Court of Common denying his motion to suppress the results of a urine test.  Appellee is the state of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Trooper Scott Tallman responded to the scene of an accident on November 2, 2016 and encountered appellant. The Trooper noted a strong odor of alcohol about appellant while he was in the Trooper's vehicle. Appellant admitted to consuming alcohol. Appellant did not complain of any injuries but his eyes were glassy and blood shot and he was stumbling over his words.

{¶3}    The Trooper administered the Horizontal Gaze Nystagmus Test, Walk and Turn Test, and asked appellant to recite the alphabet backward between the letters D and Q and count backward between the numbers 58 and 73.

{¶4}    The appellant was transported to a hospital and lost consciousness en-route.  The Trooper read the terms of Form 2255 to appellant at the scene, but did not ask for appellant's consent for testing until he had been admitted to the hospital. Appellant was asked to provide a urine sample at the hospital and he expressly consented.  The trial court found that timing of the collection of the urine sample fulfilled all requirements.

{¶5}    The Ohio State Patrol Crime Lab received the urine sample on November 10, 2016 at 1:29 PM. Criminalist Jeffrey Turnau, removed the sample from refrigerated storage on November 16, 2016 and performed gas chromatography to discover the

alcohol content. Criminalist Turnau discovered the alcohol content to be 0.177 grams per 100 milliliters of urine, an amount in excess of the limit described in R.C. 4511.19(A)(1)(e).

{¶6} The Delaware County Grand Jury indicted appellant on February 3, 2017 for five offenses: two counts of Aggravated Vehicular Assault, under R.C. 2903.08(A)(1)(a), two counts of Aggravated Vehicular Assault, under R.C. 2903.08(A)(2)(b) and one charge of Operating a Vehicle While Under the Influence of Alcohol or Drugs, R.C. 4511.19(A)(1). Appellant plead not guilty to all charges.

{¶7} On February 21, 2017 appellant filed motions to suppress the results of the field sobriety tests and the urine alcohol test. The state filed its responses on March 6 and 7, 2017. The trial court conducted a hearing beginning April 17, 2017 and finishing May 18, 2017. Trooper Tallman and forensic scientist Turnau testified as stated above. Mr. Turnau also testified that he was trained and certified and described how he completed the testing. He testified that the equipment had been properly calibrated, the lab was certified and that the records were maintained for three years. State regulations were on the lab bench and all testing was done in accordance with Department of Health regulations.

{¶8} The trial court suppressed the HGN test, but overruled the appellant's motion to suppress the results of the remaining field sobriety tests and the urine test in its entry dated May 31, 2017. On June 26, 2017, the Appellant entered a plea of no contest to all charges and was found guilty on all counts. A pre-sentence investigation was ordered and a sentencing hearing was scheduled for July 31, 2017.

{¶9}   On July 31, 2017 the trial court sentenced appellant to eighteen months in prison on Count One and Count Two and sixty days for Count Five. No sentence was issued for Counts Three and Four. All sentences were ordered to be served concurrently.

{¶10} The Appellant filed a Notice of Appeal and a Motion to Suspend the Execution of Sentence on August 7, 2017. The sentence in this case was ordered to be suspended during the pendency of this appeal.

{¶11} The Appellant submits one assignment of error:

{¶12} THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS THE URINE TEST BECAUSE THE STATE DID NOT PROVE THE URINE TEST SUBSTANTIALLY COMPLIED WITH REGULATIONS ISSUED BY THE OHIO DEPARTMENT OF HEALTH.

## STANDARD OF REVIEW

{¶13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. *State v. Fanning* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. See *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141, (4th Dist.1993), overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue that the trial court incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must

independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist. 1994); *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906 (4th Dist. 1993).

**{¶14}** Judicial officials at suppression hearings may rely on hearsay and other evidence to determine whether alcohol test results were obtained in compliance with methods approved by the Director of Health, even though that evidence may not be admissible at trial. *State v. Edwards,* 107 Ohio St.3d 169, 2005-Ohio-6180, 837 N.E.2d 752 at paragraph 2 of the syllabus. [Citing Evid.R. 101(C)(1)].

**{¶15}** The Supreme Court of Ohio has held that rigid compliance with ODH regulations is not required as such compliance is not always humanly or realistically possible. *State v. Plumme*r, 22 Ohio St.3d 292, 294, 490 N.E.2d 902 (1986). See, also, *State v. Morton,* Warren App. No. CA98-10-131, 1999 WL 296700 (May 10, 1999). Rather, if the state shows substantial compliance with the regulations, absent prejudice to the defendant, alcohol tests results can be admitted in a prosecution under R.C. 4511.19. In *State v. Burnside*, 100 Ohio St.3d 152,159, 2003 -Ohio- 5372, 797 N.E.2d 71, the Ohio Supreme Court limited the substantial-compliance standard set forth in *Plummer* to "excusing only errors that are clearly de minimis." The Court continued: "Consistent with this limitation, we have characterized those errors that are excusable under the substantial-compliance standard as 'minor procedural deviations.'" Id., citing *State v. Homan*, 89 Ohio St.3d 421, 426, 732 N.E.2d 952 (2000).

**{¶16}** The burden to establish substantial compliance, however, only extends to the level with which the defendant takes issue with the legality of the test. *State v.*

*Johnson*, 137 Ohio App.3d 847, 851, 739 N.E.2d 1249 (12th Dist.2000). When the defendant's motion to suppress merely raises a generalized claim of inadmissibility and identifies the section(s) of the Administrative Code implicated in that claim, the burden on the state is slight. *State v. Bissaillon*, 2nd Dist. Greene No. 06-CA-130, 2007-Ohio-2349, ¶ 12; *See also State v. Embry*, 12th Dist. Warren No. CA2003-11-110, 2004-Ohio-6324, at ¶ 24 (simply reiterating Administrative Code provisions creates a burden on the State to respond only in general to the issues raised). The State is only required to present general testimony that there was substantial compliance with the requirements of the regulations; specific evidence is not required unless the defendant raises a specific issue in the motion to suppress. *State v. Bissaillon*, 2nd Dist. Greene App. No. 06-CA-130, 2007-Ohio-2349, at ¶ 12.

{¶17} Appellant filed a motion to suppress on February 21, 2017 and listed eighteen grounds for suppression of the urine test in very general terms by reiterating the relevant Administrative Code provisions. Appellant has abandoned all but the following three allegations:

> In the instant case, the results of the urine test must be suppressed unless the state can disprove the:
>
> ***
>
> 8. Results of controls, certifications, calibration checks and records of service and repairs were not retained in accordance with OAC 3701-53-01 as required by OAC 3701-53-04.
>
> ***

14. The laboratory did not successfully complete a national proficiency testing program as required by OAC 3701-53-06 and OAC 3701-53-09.

***

18. The laboratory director and/or laboratory technician were not subject to surveys and proficiency examinations by representatives of the director of health as required by OAC 3701-53-07 and OAC 3701-53-09.

**{¶18}** Appellant did not include any factual basis for these allegations in his motion, but relied on these general assertions and contended the state failed to substantially comply with the requirements described in the cited sections of the Ohio Administrative Code.

**{¶19}** The state offered the testimony of Criminalist Jeffrey Turnau regarding the completion of the urine test and compliance with the above cited Code Sections. When asked whether the records were maintained for three years (with Ohio Adm.Code 3701-53-01 as required by Ohio Adm.Code 3701-53-04) Mr. Turnau answered in the affirmative. When asked if the laboratory had completed a national proficiency testing program, Mr. Turnau confirmed that it had completed the required testing and met all the applicable requirements for testing (Ohio Adm.Code 3701-53-06 and Ohio Adm.Code 3701-53-09). Mr. Turnau confirmed that he has a laboratory director's permit and that it was valid at the time the test was completed. (Ohio Adm.Code 3701-53-07 and Ohio Adm.Code 3701-53-09).

**{¶20}** Appellant's argument is more focused upon the quality of the evidence, not the absence of evidence. Appellant argues that the testimony of Mr. Turnau was insufficient because he did not present documentation to support his assertions, because

he was not the keeper of records and because he did not personally review the records. Appellant cites to our holdings in *State v. Schlupp*, 5th Dist. Coshocton No. 2012 CA 0007, 2012-Ohio-6072, and *State v. Troyer,* 5th Dist. Stark No. 2013CA00038, 2013-Ohio-3697 in support of his argument.  Those cases are inapposite.  In *Schlupp* we found that the state failed to present any testimony regarding the qualifications of the person conducting the test or the procedures followed by the lab to complete the test. *Schlupp, supra* at ¶ 68. In the case sub judice, Criminalist Turnau testified regarding his qualifications and the procedures followed by the lab.   In *Troyer,* the facts revealed a violation of the relevant Ohio Administrative Code Sections regarding chain of custody and preservation of the blood sample.  Further, the state was unable to provide any evidence that the lab completed a proficiency test or that the director reviewed, signed and dated the procedure manual to certify its compliance with the Rules.  *Troyer, supra* at ¶ 22. Criminalist Turnau provided testimony that all of these requirements were satisfied. The evidence in *Schlupp* and *Troyer* reflected significant defects that are not present in the record before us.

**{¶21}**  The facts in this case are analogous to the facts in *State v. Lentz,* where we held that "[b]ecause of the very general nature of appellant's motion to suppress, specific evidence in response is not necessary, and general testimony of compliance is sufficient." *State v. Lentz,* 5th Dist. Delaware No. 09CAC070065, 2010-Ohio-762, ¶ 16. We noted that:

> "*** record keeping, including maintenance and repair records, is important
>
> so that defendants may conduct complete and relevant discovery
>
> concerning the instrument that was used to conduct their test. However,

rigid compliance with the three-year specification in the ODH record-keeping regulation is not required where the records themselves are not shown to be misleading, inaccurate, or incomplete.

**{¶22}** *Lentz,* supra at ¶ 19

**{¶23}** The appellant did not provide any evidence that would show that the records were misleading, inaccurate or incomplete. Appellant had the opportunity to obtain and review the records but elected not to do so. "Appellant's failure to attempt to discover factual support for his motion to suppress relating to the state's compliance [with the relevant administrative code sections] relieved the state of any burden to respond to appellant's allegations with greater specificity. *State v. Hernandez-Rodriguez,* 11th Dist. Portage No. 2006-P-0121, 2007-Ohio-5200, ¶ 53

**{¶24}** The appellee presented sufficient evidence to address the general assertions of the appellant and establish substantial compliance with the regulations, triggering the presumption of admissibility and shifting the burden to appellant to rebut the presumption by a showing of prejudice. *Lentz, supra* at ¶ 20. Appellant has not offered any evidence of prejudice and, in fact, restricts his argument to his contention that the appellee has not substantially complied.

**{¶25}** For the forgoing reasons, the decision of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.

By: Baldwin, J.

John Wise, P.J. and

Gwin, J. concur.